UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

THOMAS ALBERS, LEE URANGA, and
BARBARA LYONS,

      Plaintiffs,

v.                                      No. 2:24-cv-00795-GJF-GBW

NEW MEXICO STATE UNIVERSITY BOARD
OF REGENTS and SHELLEY LUSETTI, in
her individual capacity,

      Defendants.

**DEFENDANTS' PARTIAL MOTION TO DISMISS**

**COME NOW** Defendants, by and through their attorneys of record, Atwood, Malone, Turner & Sabin, P.A., by Bryan Evans and Jacqueline Miller, and, pursuant to Fed. R. Civ. Pro. 12(b)(6), hereby move to dismiss certain of Plaintiffs' claims, and as grounds therefore, state:

**I.    INTRODUCTION**

Plaintiffs filed their Complaint against Defendants on June 18, 2024. *See Plaintiff's Complaint.* Defendants removed the case to this Court on August 8, 2024, on the basis of federal question jurisdiction. Plaintiffs allege a variety of state and federal employment law claims against New Mexico State University (NMSU) and individual defendant Shelley Lusetti, related to Plaintiffs' employment at NMSU. As addressed herein, Defendants are entitled to partial dismissal of Plaintiffs' claims against them.

1

## II.     STANDARD OF REVIEW UNDER 12(B)(6)

To overcome a motion to dismiss, Plaintiff's Complaint must allege sufficient facts so that relief is plausible on its face. *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). In considering Defendants' Motion, the Court must assume as true all well-pleaded facts, and must draw all reasonable inferences in Plaintiffs' favor. *See Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006). Plaintiffs' Complaint must have sufficient factual matter that if true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937 (2009). As such, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964–65 (2007). Conclusory allegations are not "well-pleaded," and thus are not taken as true for purposes of a motion to dismiss. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Twombly* specifically warned against "wholly conclusory statement[s]," *Id.,* at 1966-67. As the Tenth Circuit explained, "[t]his requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." 519 F.3d at 1248.

Further, "the burden rests on the plaintiff to provide fair notice of the grounds for the claims made against each of the defendants." *Robbins v. Williams,* 519 F.3d 142, 1250 (10th Cir. 2008); *Walker v. Mohiuddin,* 947 F.3d 1244, 1250 (10th Cir. 2020) (dismissing complaint against defendant who was "barely mentioned in the complaint" and instead, was "merely lump[ed]. . . in with fifteen other medical professionals under the generic label 'defendants' or 'Corizon healthcare providers'"); *see e.g. Jones v. Lehmkuhl,* No. 11-CV-02384-WYD-CBS, 2013 U.S. Dist. LEXIS 139229, *80 (D. Colo. Apr. 16, 2013) (dismissing common law trespass claim where

complaint did "not differentiate among the various defendants or attribute specific conduct to a particular defendant" and thus, did not contain sufficiently "particularized facts").

### III. ARGUMENT AND AUTHORITIES

#### A. *Defendants are entitled to dismissal of Plaintiff Lyons' claims brought pursuant to Title VII and the NMHRA.*

Plaintiffs' Eighth Cause of Action alleges that NMSU violated Title VII as to Plaintiff Lyons. Plaintiffs' Ninth Cause of Action alleges NMSU violated the New Mexico Human Rights Act (NMHRA) as to Plaintiff Lyons. Both of these claims fail, however, as Plaintiffs failed to plausibly allege an adverse employment action taken against Plaintiff Lyons by NMSU.

Plaintiff Lyons alleges that Defendant Lusetti disparaged and verbally abused Plaintiff Lyons. *See Plaintiffs' Complaint*, ¶47. Plaintiff alleges that Defendant Lusetti did not inform Lyons about potential research funds and organized the purchase of "department instrumentation" without Plaintiff Lyons' knowledge. *Id.* at ¶49. Finally, Plaintiffs allege that Defendant Lusetti removed Lyons from her committee assignments. *Id.* at ¶49. None of these alleged actions rise to the level of an adverse employment action. Accordingly, Plaintiff Lyons has failed to state a claim pursuant to either Title VII or the NMHRA.

Plaintiff Lyons alleges she was subject to gender discrimination and retaliation. In pleading a discrimination claim, Plaintiff Lyons "must allege facts that make such a claim at least plausible". Her Complaint fails to meet that burden. *Douglas v. Mt. Song Cmty. Sch.,* 2016 U.S. Dist. LEXIS 50847, *9 (D. Colo. April 15, 2016). Claims under Title VII or the NMHRA for either gender discrimination or retaliation require Plaintiff to plausibly allege an adverse employment action. *See Bennett v. Windstream Communs., Inc.,* 792 F.3d 1261, 1266 (10th Cir. 2015) ("A prima facie case [for discrimination under Title VII] generally requires a plaintiff to

show, by a preponderance of the evidence, that she is a member of a protected class, she suffered an adverse employment action, and the challenged action occurred under circumstances giving rise to an inference of discrimination"); *Anderson v. Acad. Sch. Dist. 20,* 122 Fed. Appx. 912, 916 (10th Cir. 2004) ("A prima facie case of retaliation has three elements: (1) the plaintiff engaged in protected opposition or participated in a Title VII proceeding; (2) the employer acted adversely subsequent to or contemporaneous with employee activity; and (3) there is a causal connection between plaintiff's activity and the employer's action."); *Juneau v. Intel Corp.,* 139 N.M. 12, 16, 2006-NMSC-002, ¶11, 127 P.3d 548 ("To establish a prima facie case of retaliation [under the NMHRA], Plaintiff must show that (1) he engaged in protected activity, (2) he was subject to adverse employment action subsequent to, or contemporaneous with the protected activity, and (3) a causal connection exists between the protected activity and the adverse employment action."); *Nava v. City of Santa Fe*, 136 N.M. 647, 649, 2004-NMSC-039, ¶4, 103 P.3d 571 ("The NMHRA, NMSA 1978, § 28-1-7(A) (2004), provides that it is an unlawful discriminatory practice for an employer . . . to discriminate in matters of compensation, terms, conditions or privileges of employment against any person otherwise qualified because of sex. This language from the NMHRA tracks Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1) (2000). For this reason, when considering claims under the NMHRA, we may look at federal civil rights adjudication for guidance in interpreting the NMHRA.") (internal quotations omitted).

Generally, an adverse employment action is a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Ford v. Jackson Nat'l Life Ins. Co.,* 45 F.4th 1202, 1222 (10th Cir. 2022). To be considered an adverse employment action, an action must amount to more than "a mere inconvenience or an alteration of job responsibilities." *Ford v.*

*Jackson Nat'l Life Ins. Co.,* 45 F.4th 1202, 1223, (10th Cir. 2022).

Plaintiff Lyons' allegations regarding committee assignments do not rise to the level of an adverse employment action. *See Warner v. Vance-Cooks*, 956 F. Supp. 2d 129, 171 (D. D.C. 2013) ("the denial of training opportunities and committee assignments outside of, or in addition to, an employee's job responsibilities does not generally constitute an adverse employment action."); *also see Aquilino v. Univ. of Kan.*, 268 F.3d 930, 934 (10th Cir. 2001) (finding that removal from a committee "falls within the category of actions that do not constitute an adverse employment action"); *Ekaidi v. Bd. of Supervisors,* 2017 U.S. Dist. LEXIS 24484, *4, 2017 WL 699821 (E.D. La. February 22, 2017) ("Being prevented from attending academic conferences and being denied positions on committees, for example, are not adverse employment actions in this circuit.") "Speculative harm does not constitute adverse employment action." *Aquilino v. Univ. of Kan.*, 268 F.3d 930, 936 (10th Cir. 2001). Plaintiffs' Complaint utterly fails to allege how not being given committee assignments had an adverse effect on her employment. Accordingly, the allegation that Plaintiff Lyons was removed from committee assignments in insufficient to state a claim that an adverse employment action occurred.

Plaintiff Lyons' general allegations that she was the target of verbal abuse and not informed about potential research funding are even more clearly insufficient to plead an adverse employment action. Plaintiffs' allegations lack the specificity or severity necessary to state a claim under either Title VII or the NMHRA. *See Rivera v. Southwestern Bell Tel. Co*., 2013 U.S. Dist. LEXIS 74332, *4, 2013 WL 2319395 (D. Kan. May 28, 2013) ("Vague references to discrimination, retaliation or harassment without any indication that the alleged misconduct was motivated by gender or another category protected by Title VII will be insufficient to support an employment-based claim.") Plaintiff Lyons' allegations do not suggest that she suffered an adverse employment

action or that any such action gives rise to an inference of discrimination. Accordingly, Defendants are entitled to dismissal of Plaintiff Lyons' claims brought pursuant to Title VII and the NMHRA.

### B. Shelly Lusetti is entitled to qualified immunity as to Plaintiffs' constitutional claims against her.

Plaintiffs' Third Cause of Action alleges that Defendant Lusetti, in her individual capacity, violated Dr. Alber's constitutional right to Equal Protection. Plaintiffs' Seventh Cause of Action alleges that Defendant Lusetti, in her individual capacity, violated Dr. Uranga's constitutional rights. Plaintiffs' Tenth Cause of Action alleges Defendant Lusetti, sued in her individual capacity, violated Dr. Lyons' rights to equal protection. However, individual Defendant Lusetti is entitled to qualified immunity as to these claims as the clearly established law did not put her on notice that her conduct was unconstitutional. To overcome an official's qualified immunity claim, plaintiff must demonstrate that (1) the official violated a statutory or constitutional right and (2) at the time, the law clearly established that right. *N.E.L. v. Douglas Cty., Colo.,* 740 F. App'x 920, 928 (10th Cir. 2018).

Officials sued under 42 U.S.C. §1983 are entitled to qualified immunity unless they have "violated a statutory or constitutional right that was 'clearly established' at the time of the challenged conduct." *Plumhoff v. Rickard,* 572 U.S. 765, 778 (2014) (internal citation omitted). "Because qualified immunity is 'an immunity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial.'" *Pearson v. Callahan,* 555 U.S. 223, 231 (2009) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Qualified immunity protects "all but the plainly incompetent or those that knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). An official is entitled to qualified immunity unless the unlawfulness of his conduct in the particular circumstances before him was clearly established at the time of the conduct. *District of Columbia v. Wesby,* 583 U.S. 48, 63 (2017). "To be clearly

established, a legal principle must have a sufficiently clear foundation in then-existing precedent. . . . It is not enough that the rule is suggested by then-existing precedent. The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *Id.* In other words, the unlawfulness of the official's conduct must be beyond debate in light of existing law. *City of Escondido v. Emmons,* 139 S. Ct. 500, 504 (2019) (internal quotation marks omitted). Defendant Lusetti did not violate any clearly established law and accordingly she is entitled to qualified immunity.

### C. *Plaintiffs failed to state a Section 1983 Equal Protection claim as to Plaintiff Albers.*

While Defendants argue that Plaintiffs are barred from bringing their Equal Protection claims against Defendant Lusetti on the basis of qualified immunity, should the Court determine otherwise, Plaintiff Albers has failed to state an Equal Protection claim. Plaintiffs' Third Cause of Action alleges that Defendant Lusetti, in her individual capacity, violated Dr. Alber's constitutional right to Equal Protection. An equal protection violation occurs when the government treats someone differently than another person who is similarly situated. *Lazos v. Harvey Cnty. Bd. of Comm'rs*, 2024 U.S. Dist. LEXIS 107902, *24, 2024 WL 3043155 (D. Kan. June 18, 2024) *citing Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). To state a claim, Plaintiff must show that Defendants treated him less favorably than other similarly situated individuals because of their discriminatory animus. *Id*.

"To make out a prima facie case of discrimination, [Plaintiff] must demonstrate (1) membership in a protected class, (2) adverse employment action, and (3) disparate treatment among similarly situated employees." *Townsend-Johnson v. Cleveland*, 494 Fed. Appx. 833, 836-837 (10th Cir. 2012). Plaintiffs' Complaint does not allege that Plaintiff Albers was discriminated against on the basis of his race or gender or other protected status. Courts have held that "the

7

class-of-one theory of equal protection does not apply in the public employment context." *Townsend-Johnson v. Cleveland*, 494 Fed. Appx. 833, 836 (10th Cir. 2012). "[T]he allegation that a plaintiff was treated differently from those similarly situated is an essential element of an equal protection action…" *Hunt v. Cent. Consol. Sch. Dist.,* 951 F. Supp. 2d 1136, 1189 (D. N.M. 2013). The Complaint is devoid of any allegations that Plaintiff Albert was treated differently than those similarly situated or that he is a member of a protected class; accordingly, Plaintiffs have failed to state an Equal Protection claim as to Plaintiff Albers. *Morman v. Campbell Cnty. Mem. Hosp.,* 632 Fed. Appx. 927, 935 (10th Cir. 2015) ("to survive the motion to dismiss, [plaintiff] needed to plead a plausible claim that she was similarly situated to the male orthopedic surgeons."); *Calderón v. City & Cnty. of Denver*, 2023 U.S. Dist. LEXIS 146546, *33 (D. Colo. August 21, 2023) ("A complaint that fails to plausibly allege a plaintiff is similarly situated to relevant comparators in all material respects cannot survive a motion to dismiss.")

### D.  Plaintiffs failed to state a Section 1983 Equal Protection claim as to Plaintiff Lyons.

Plaintiffs' Tenth Cause of Action alleges Defendant Lusetti, in her individual capacity, violated Dr. Lyons' rights to Equal Protection. Again, while Defendant argues all such constitutional claims are barred be qualified immunity, even if that were not the case, Plaintiff Lyons has failed to state an Equal Protection claim. In employment discrimination lawsuits, the elements of a plaintiff's case are the same whether that case is brought under § 1983 or Title VII or the NMHRA. *Carney v. City & County of Denver*, 534 F.3d 1269, 1273 (10th Cir. 2008). To plead a prima facie case of discrimination under the constitution, Plaintiff must demonstrate (1) membership in a protected class, (2) adverse employment action, and (3) disparate treatment among similarly situated employees. *Id*. As already addressed herein, Plaintiffs have failed to plausibly allege an adverse employment action taken by Dr. Lusetti against Plaintiff Lyons. *Griego*

8

*v. City of Albuquerque,* 100 F. Supp. 3d 1192, 1224 (D. N.M. 2015 ("To prevail on an Equal Protection claim, a plaintiff must show that he or she was subjected to an adverse employment action."). Accordingly, Plaintiffs have failed to state an equal protection claim against Dr. Lusetti in her individual capacity for alleged actions taken against Plaintiff Lyons.

For the foregoing reasons, Defendants respectfully request that Plaintiffs' Third, Seventh, Eighth, and Ninth causes of action be dismissed with prejudice for failure to state a claim, and alternatively, that Plaintiffs' Equal Protection be dismissed as being barred by qualified immunity, and for such other and further legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

ATWOOD, MALONE, TURNER & SABIN, P.A.

By **Electronically Filed on 08/15/24**
　　　Bryan Evans
　　　Jacqueline Miller
　　　P.O. Drawer 700
　　　Roswell, NM 88202-0700
　　　(575) 622-6221
*Attorneys for Defendants*

I HEREBY CERTIFY that on August 15, 2024, I filed the foregoing instrument electronically through the CM/ECF system, which caused all parties of record to be served by electronic means, as more fully reflected on the *Notice of Electronic Filing*.

*Electronically Filed on 08/15/24*
Bryan Evans